Jessica A. Flint, OSB No. 113843
jflint@gevurtzmenashe.com
Gevurtz Menashe, P.C.
115 NW First Ave., Ste. 400
Portland, OR 97209
Telephone: (503) 227-1515
Of Attorneys for Petitioner Neil Aaron Stenberg

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| In re the Application of: | Case No. |
| | |
| NEIL AARON STENBERG, | VERIFIED PETITION FOR RETURN OF CHILDREN TO HABITUAL RESIDENCE (CANADA) |
| Petitioner, | |
| | |
| and | |
| | |
| JENNIFER RANELLE STENBERG, | |
| | |
| Respondent. | |
| _____ | |

The Convention on the Civil Aspects of International Child Abduction,
done at the Hague on 25 Oct. 1980
International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*.

1.0    <u>CONVENTION PREAMBLE SUMMARY.</u>

The States signatory to the present Convention are convinced that the

interests of the child are of paramount importance in matters relating to their custody,

desire to protect children internationally from the harmful efforts of their wrongful

PAGE 1 – VERIFIED PETITION FOR RETURN OF CHILDREN TO HABITUAL
RESIDENCE (CANADA)

removal or retention, and have established procedures to ensure their prompt return to the State of habitual residence and secure protection for rights of access.

1.1     This petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 October 1980 (hereinafter "The Convention") and 22 U.S.C. § 9001 *et seq.*, the International Child Abduction Remedies Act (hereinafter "ICARA"), the United States' implementing statute.  The Convention entered into force ("EIF") in Canada on December 1, 1982, and into force in the United States of America on July 1, 1988, which is the effective date for the enforcement between the two countries.

1.2     Canada is the Habitual Residence of the two minor children of the parties, namely: WMS, born in 2015 (age 7); and EPS, born in 2019 (age 3). Both children were born in the State of Texas, United States. WMS has dual nationalities (Canadian and American), and he is a Canadian and United States citizen. EPS has dual nationalities (Canadian and American), and she is a Canadian and United States citizen.

1.3     The objects of The Convention are:

1.3.1   Article One(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

1.3.2.  Article One(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

1.3.3.  Article Two requires Contracting States to use the most expeditious procedures available in achieving a prompt return of children to their habitual residence.

1.3.4.  Article Eleven directs the court to act expeditiously in proceedings for the return of children. It also provides for a decision within six (6) weeks from the date of commencement of this proceeding or a statement from the court of the reasons for the delay if a decision has not been reached.

1.3.5. A decision under The Convention is not a determination of the custody of the minor children, pursuant to Article Nineteen of The Convention and 22 U.S.C § 9001(d)(4).

2.0   JURISDICTION.

2.1    This Court has jurisdiction pursuant to 22 U.S.C. § 9003(a).

2.2    The children have been located in Clackamas County, State of Oregon, United States to the best of Petitioner's knowledge and belief. However, the children may also be staying temporarily in Yamhill County, State of Oregon, United States to the best of Petitioner's knowledge and belief.

3.0   STATUS OF PETITIONER AND CHILDREN.

3.1    Petitioner has rights of custody regarding the minor children within the meaning of Articles Three and Five of The Convention in that the domestic law of the Province of Alberta, Canada, which is the law of the Habitual Residence of the children, provides for rights of custody in both parents, who are guardians of the children, during the marriage, except where otherwise limited by law (including a parenting order). Petitioner and Respondent are the married parents and guardians of WMS and EPS. There is no parenting order limiting the rights of custody of either party, and both parties are entrusted with the powers, responsibilities, and entitlements of guardianship in the

best interests of the minor children. The Central Authority for Alberta, Canada has not yet issued its Article Fifteen declaration.

3.2     Petitioner, at the time of the wrongful retention, was actually exercising rights of custody within the meaning of Articles Three and Five of The Convention.

3.3     Petitioner, at the time of the application to this Court, was and is habitually resident in the Province of Alberta, Canada.

3.4     The minor children, WMS, born in 2015, is seven (7) years of age, and EPS, born in 2019, is three (3) years of age on the date this Petition for Return is filed.

3.5     The minor children were on a temporary and limited absence from the Province of Alberta, Canada, but habitually resident in the Province of Alberta, Canada within the meaning of Article Three of The Convention, immediately before the wrongful retention of the children in Oregon, United States of America by Respondent on or about January 13, 2023, if not as early as January 9, 2023.

4.0     <u>RETENTION OF THE CHILDREN BY RESPONDENT.</u>

4.1     On or about January 8, 2023, Respondent took the minor children to visit Respondent's mother in Molalla, Oregon for a temporary and limited period. Petitioner did not agree to Respondent taking the children with her to visit Respondent's mother; however, he did not prevent Respondent or the children from leaving the parties' home in Calgary, Province of Alberta, Canada for the visit. Petitioner requested the return of the children to the parties' home in Calgary, Province of Alberta, Canada beginning on January 9, 2023.

4.2     Respondent has since refused to return the minor children to Calgary, Province of Alberta, Canada, despite Petitioner's repeated requests for the children's

PAGE 4 – VERIFIED PETITION FOR RETURN OF CHILDREN TO HABITUAL RESIDENCE (CANADA)

immediate return to Canada beginning on January 9, 2023. Respondent first stated her intention that she will not facilitate or allow WMS and EPS to return to the Province of Alberta, Canada on January 13, 2023.  Respondent registered the children for school in Molalla, Oregon on or about January 13, 2023, without Petitioner's knowledge or consent. Respondent has since stated her intention to retain WMS and EPS in Oregon indefinitely, over Petitioner's objection.

4.3     Respondent is wrongfully retaining the minor children from their habitual residence (the Province of Alberta, Canada) without Respondent's consent or his acquiescence and in violation of Petitioner's rights of custody since January 13, 2023, if not as early as January 9, 2023. The minor children were and continue to be habitually resident in the Province of Alberta, Canada prior to their wrongful retention in the United States of America by Respondent.

4.4     It is believed the children are presently located in the County of Clackamas, State of Oregon, United States of America. However, the children may also be located temporarily in the County of Yamhill, State of Oregon, United States of America.

4.5     Respondent, at the time of application to this Court, is residing in the County of Clackamas, State of Oregon, United States of America, where she is wrongfully retaining the children. However, Respondent, at the time of application to this Court, may also be temporarily residing in the County of Yamhill, State of Oregon, United States of America, where she is wrongfully retaining the children.

4.6     This wrongful retention has breached Petitioner's rights of custody as it has: (a) denied Petitioner's right to be informed of, to be consulted about, and to make

all significant decisions affecting the children, (b) denied Petitioner's contact with his children, and (c) denied Petitioner's right to participate in the decision as to where the children will reside.

5.0    CUSTODY PROCEEDINGS.

5.1    Respondent initiated a child custody proceeding on January 20, 2023, by filing a Petition for Unlimited Separation of Marriage in *In the Matter of the Marriage of Jennifer Ranelle Stenberg and Neil Aaron Stenberg*, Clackamas County Circuit Court Case No. 23DR01244 (hereinafter "Clackamas County Action").

5.2    Article 16 of The Convention requires that when a court considering custody of a child receives notice that an application for return of children under The Convention has been received, it should defer any decision on the merits of rights of custody until an appropriate federal or state court has determined that the children are not to be returned under The Convention.

5.3    A letter, dated February 22, 2023, in support of the stay of the Clackamas County Action pursuant to Article Sixteen of The Convention was received from Matthew Flannigan, Division Chief—WHA-N of the Office of Children's Issues for the United States Department of State, was filed in the Clackamas County Action on March 3, 2023.

5.4    A Stipulated Notice of Stay Pursuant to Article 16 of the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act was signed by counsel for both parties and entered in the Clackamas County Action on March 3, 2023.

5.5     An Order to Stay Pursuant to Article 16 of the Hague Convention on the

Civil Aspects of International Child Abduction and the International Child Abduction

Remedies Act, granting an immediate stay of the entirety of the Clackamas County

Action, was signed on March 13, 2023 and entered on March 17, 2023 in the

Clackamas County Action.

6.0     RELIEF REQUESTED.

6.1     Petitioner requests the following relief:

6.1.1     The minor children of the parties, WMS, born in 2015, and EPS,

born in 2019, shall be immediately returned to their habitual residence in the Province of

Alberta, Canada forthwith, pursuant to Article Twelve of The Convention.

6.1.2     Petitioner shall be awarded his attorney fees and costs as set

forth in Paragraph 8.0, below.

7.0     NOTICE OF HEARING.

7.1     Pursuant to 22 U.S.C. § 9003(c), Respondent shall be given notice of this

proceeding pursuant to ORCP 7.

8.0     ATTORNEY FEES AND COSTS (CONVENTION ARTICLES 26 AND/OR

22 U.S.C. § 9007)

8.1     Respondent should be ordered to pay necessary expenses incurred by or

on behalf of Petitioner, including court costs, legal fees, foster home or other care of the

children during the course of these proceedings, travel expenses and transportation

costs related to the return of the child, and any costs incurred or payments made for

locating the children. Petitioner will provide, upon request, a list of all expenditures

incurred to date by Petitioner as a result of the wrongful retention of the children by Respondent.

8.2    Petitioner will amend this list from time to time according to proof and further expenditures required because of the wrongful retention of the children by Respondent.

8.3    Petitioner requests that this court award all costs and fees incurred to date and through the course of the proceedings in this action, as required by 22 U.S.C. § 9007(b)(3), reserving jurisdiction over further expenses.

9.0    SUBMISSION.

Respectfully submitted on this 21st day of March, 2023.

By: _____
     Jessica A. Flint, OSB #113843
     jflint@gevurtzmenashe.com
     115 NW 1st Ave, Ste 400
     Portland, OR 97209
     Telephone: (503) 227-1515
     Of Attorneys for Petitioner Neil Aaron Stenberg

10.0    VERIFICATION.

10.1    I am the attorney for Petitioner, Neil Aaron Stenberg. I make this verification on behalf of Petitioner, Neil Aaron Stenberg, because Petitioner resides outside of this country. The information set forth in this Petition is true based on the below-identified attorney's investigation to date and communications between Petitioner, Neil Aaron Stenberg, and the below-identified attorney, except as to the matters that are stated in it on information and belief, and as to those matters, I believe it to be true.

PAGE 8 – VERIFIED PETITION FOR RETURN OF CHILDREN TO HABITUAL RESIDENCE (CANADA)

10.2    I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on March 21, 2023, in Portland, Oregon.

_____
Jessica A. Flint, OSB #113843
Telephone: 503.227.1515
jflint@gevurtzmenashe.com
Attorney for Petitioner Neil Aaron Stenberg

PAGE 9 – VERIFIED PETITION FOR RETURN OF CHILDREN TO HABITUAL
RESIDENCE (CANADA)